## BLUE CROSS AND BLUE SHIELD OF VIRGINIA

v.

## LESLIE L. WINGFIELD

Record No. 890820

April 20, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ.,
and Cochran, Retired Justice

*John D. Eure (Ronald M. Ayers; Johnson, Ayers & Matthews,* on briefs), for appellant.

*Cecil W. Taylor (Wade H. Lail, III; Martin, Taylor & Perrow,* on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this case, we consider whether principles of estoppel permit extension of group health care insurance coverage beyond a specific period stated in the group policy.

Effective September 1, 1983, Mrs. Giles Country Kitchen, Inc. (Country Kitchen) contracted for group health insurance with Blue Cross of Southwestern Virginia and Blue Shield of Southwestern Virginia, now a single entity known as Blue Cross and Blue Shield of Virginia (Blue Cross). In two group policies, Blue Cross agreed to provide certain health care benefits to Country Kitchen's employees during specific periods indicated in the policies.

The "basic" policy provided certain primary benefits for a limited period of time; the other policy supplemented the "basic" policy and provided "major medical" benefits during specified periods. The "benefit period" of both policies ran from September 1 through August 31 of each successive policy year. After giving notice, Country Kitchen could terminate coverage at the end of any period for which subscription dues had been paid. In that event, Blue Cross was obligated to continue paying the covered health care benefits of a participant who "incurs Covered Expenses prior to the date of termination for any injury or illness commencing prior to the date of termination . . . but only for . . . one Benefit Period. . . ."

On September 1, 1983, Leslie L. Wingfield, an employee of Country Kitchen, became a participant under both policies. Wingfield was given a booklet or brochure which outlined the pol-

icy benefits. The booklet stated that "[n]o brochure, pamphlet or other publication outlining the benefits of your contract is a part of your contract." The booklet noted that "if a participant is confined as a hospitalized patient in a hospital . . . on the date of termination, coverage will continue for that hospital admission in accordance with the terms of the contract." The booklet ended with the following:

> THIS BROCHURE IS NOT A CONTRACT WITH BLUE CROSS AND BLUE SHIELD OF SOUTHWESTERN VIRGINIA. IT IS A SUMMARY OF BENEFITS AND LIMITATIONS. IF THERE IS ANY DIFFERENCE BETWEEN THIS BOOKLET AND THE CONTRACT, THE PROVISIONS OF THE CONTRACT WILL GOVERN.

On July 4, 1986, Wingfield was admitted to the Lynchburg General Hospital suffering from necrotizing pancreatitis. He was transferred to the Medical College of Virginia (MCV) on July 8, 1986, where he remained throughout the period involved in this controversy.

Effective October 1, 1986, Country Kitchen terminated the coverages of both policies in accordance with their terms. Blue Cross paid Wingfield's covered expenses incurred through August 31, 1987, totalling $560,623.46, which the parties agree constituted full performance of its obligation through that date.

In this breach of contract action against Blue Cross, Wingfield sought payment of an additional $266,566.50 for allegedly covered hospital and medical expenses incurred from September 1, 1987, through June 20, 1988. The case was submitted to the trial court for decision upon stipulated facts.

Although Wingfield relied upon other conduct of Blue Cross to establish grounds for estoppel, the trial court entered judgment for Wingfield on the basis of estoppel only "because of the difference in the language in the brochure furnished [Wingfield] and that in the contracts." Blue Cross appeals.

Citing *Sharp* v. *Richmond Life Ins. Co.*, 212 Va. 229, 233, 183 S.E.2d 132, 135 (1971), Wingfield correctly "acknowledges the general rule in Virginia is that the coverage of an insurance contract may not be extended by estoppel or implied waiver to include *risks* not covered by its terms. . . ." (Emphasis in origi-

nal.) He claims, however, that unlike the claims in *Sharp* and a subsequent similar case, *Norman* v. *Insurance Company*, 218 Va. 718, 728-29, 239 S.E.2d 902, 908 (1978), his claim "did not extend coverage to include risks excluded by the policy, but extended coverage only to the extent of increasing the quantum of recovery."

Wingfield fails to recognize that neither policy grants unlimited coverage based solely on the illnesses described therein. On the contrary, the liability of Blue Cross is explicitly limited to payment of certain health care expenses incurred during specified periods of time. Thus the trial court's application of the doctrine of estoppel, requiring payment of benefits beyond the limited contractual time, extended coverage to include risks not covered by the policy. In doing so, the court erroneously brought "into being a contract of insurance where there was none." *Id.* at 728, 239 S.E.2d at 908.

Accordingly, we will reverse the judgment of the trial court and enter final judgment for Blue Cross.

*Reversed and final judgment.*